IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01435–RM–KMT

JAMES SHAW,

    Plaintiff,

v.

PRISONERS TRANSPORTATION SERVICES OF AMERICA, LLC,
JOHN DOE 1, in his individual and official capacity,
JOHN DOE 2, in his individual and official capacity,
JOHN DOE 3, in his individual and official capacity,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Motion to Modify Scheduling Order to Extend Discovery Deadlines" [Doc. No. 39] filed February 3, 2014. Plaintiff seeks to extend the date by which he must designate his affirmative experts and, because any newly extended date will affect the remainder of the discovery deadlines, seeks to extend all other deadlines in the case by approximately five weeks. Defendant objects to the extension.

    As grounds for the request for extension of time Plaintiff states that his lead counsel, David Lane, is "in a death penalty case." (Mot. at ¶ 3.) The Plaintiff also states that two associate attorneys working on his case have been preparing for a trial scheduled to begin in another district court in mid-February, 2014. (Id. at ¶ 4.) Finally, the Plaintiff claims he has "reached out" to a

medical expert but "has not heard back from him regarding this case." (Id. at ¶ 7.)

District Court Judge Raymond P. Moore Practice Standards (Civil Cases) provide

I. Motions for Extension of Time

1. Motions for extensions of time are governed by Fed. R. Civ. P. 6; D.C.COLO.LCivR 6.1 and 7.1A; and D.C.Colo.ECF Proc. V.L.2. Motions will be denied if they do not comply with these rules. To be granted, such motions require a showing of good cause. Unless the circumstances are unanticipatable and unavoidable, the following do not constitute good cause: **inconvenience to counsel** or parties, **press of other business**, scheduling conflicts (especially when more than one attorney has entered an appearance for a party), or agreements by counsel.

Preparing for and litigating trials are activities associated with attorneys' normally scheduled events. Invariably, attorneys are able to plan for trial significantly in advance of the setting. Therefore, upcoming trials and the necessity for counsel to prepare for and attend the same cannot be said to be unanticipated. The Plaintiff has not shown good cause, in light of the District Court's Practice Standards, to extend any deadlines in this case.

It is therefore **ORDERED**

Plaintiff's "Motion to Modify Scheduling Order to Extend Discovery Deadlines" [Doc. No. 39] is **DENIED**.

Dated this 7th day of February, 2014.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

2